UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GOPLUS CORP.**<br><br>    **Plaintiff,**<br><br>v.<br><br>**NINGBO YITUO ENTERPRISE MANAGEMENT CO., LTD, d/b/a ERIVESS; NINGBO YIWEI MUYINYONGPING YOUXIANGONGSI, d/b/a ERIVESS**<br><br>    **Defendants.** | **Case No** |

## COMPLAINT

Plaintiff GoPlus Corp. (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement and civil conspiracy against Ningbo Yituo Enterprise Management Co., Ltd, d/b/a Erivess and Ningbo Yiwei Muyinyongping Youxiangongs, d/b/a Erivess (herein collectively referred to as "Defendants"), and in support thereof, states as follows:

### INTRODUCTION

1. This case involves copyright infringements pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. Plaintiff holds one (1) U.S. copyright registration for the Copyrighted Work (defined below). The Copyrighted Work has been registered with the United States Copyright Office and protected from infringement under federal copyright law.

3. Defendants, without Plaintiff's consent or license, are promoting, selling, reproducing, offering for sale, and/or distributing goods using unauthorized copies of Plaintiff's

171037373v3

1

Copyrighted Work within this District through various internet-based e-commerce stores and fully interactive commercial internet websites, operating under the seller identification name Erivess (the "Seller ID").

4. As a result, Plaintiff is suffering ongoing damages to its copyrights due to Defendants' unlawful reproduction of Plaintiff's Copyrighted Work for substantial profits.

5. Plaintiff has also expended significant resources, including legal fees and investigative fees, to combat the harm caused by Defendants' infringements.

## PARTIES

6. Plaintiff, GoPlus Corp., is a California Corporation, and is otherwise *sui juris*.

7. Plaintiff is the owner of the design schematic artwork (the "Copyrighted Work") registered with the United States Copyright Office, as follows:

   a. Registration Number VAu 1-515-727, Entitled: *Washing Machine Schematic Document*, Effective Date: November 17, 2023; *See* true and correct copy of the registration records with accompanying deposit attached hereto as Exhibit 1.

8. Upon information and belief, Defendants are partnerships and/or business entities of unknown makeup, who either reside and/or operate in foreign jurisdictions.

9. Defendants target their business activities towards consumers throughout the United States, including Illinois and this District, using internet-based e-commerce stores, such as Amazon.com, by listing under their Seller ID and/or additional seller identification aliases not yet known to Plaintiff.

10. Upon information and belief, Defendants distribute products from foreign jurisdictions and ship their goods to fulfillment centers within the United States to redistribute their products from those locations to American consumers, including in Illinois.

171037373v3

11. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling, and offering for sale, goods bearing unauthorized reproductions or derivative works of one or more of Plaintiff's Copyrighted Work unless preliminarily and permanently enjoined.

13. Plaintiff has and will continue to suffer damages as a result of Defendants' copyright infringements unless injunctive and monetary relief is awarded by this Honorable Court.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to the Federal Copyright Act, 17 U.S.C. § 101, *et seq*., and 28 U.S.C. §§ 1331 and 1338.

15. Defendants are subject to personal jurisdiction in this district because they purposefully direct their sales, of Plaintiff's Copyrighted Work, to Illinois residents by operating stores through online platforms that offer shipping within the United States, including Illinois and this District. Defendants infringe Plaintiff's copyrights in this District by advertising, using, selling, promoting and distributing unauthorized reproductions of Plaintiff's Copyrighted Work through such internet-based e-commerce stores and fully interactive commercial internet websites and Plaintiff's claims arise out of these activities.

16. Defendants are also subject to personal jurisdiction pursuant to Digital Millennium Copyright Act ("DMCA") Counter Notices submitted by 柴青青, or Chai Qingqing when machine translated, purportedly on behalf of Defendants on March 11, 2024 (the "First Counter Notice," *see* Exhibit 3), on April 16, 2024, and on April 18, 2024 (*see* Exhibit 8) (collectively referred to as "Counter Notices"). In the Counter Notices, Defendants' representative consents "to the jurisdiction of any judicial district in which Amazon may be found," which includes this District.

171037373v3

*Id.*

17. Venue is proper over Defendants in this District pursuant 28 U.S.C. § 1391 and 28 U.S.C. § 1400, since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District, and Defendants are subject to personal jurisdiction within this District with respect to the action brought herein.

## GENERAL ALLEGATIONS

18. Plaintiff has filed this lawsuit against Defendants to enjoin Defendants from trading upon Plaintiff's valuable copyrights by offering to sell and/or selling unauthorized copies of Plaintiff's federally registered Copyrighted Work.

19. On November 17, 2023, Plaintiff registered the Copyrighted Work with the United States Copyright Office as the following visual 2-D artwork:

    a. Registration Number VAu 1-515-727, Registration Decision Date: January 17, 2024. *See* Exhibit 1.

20. Plaintiff's registration of the Copyrighted Work is valid, in full force and effect, unrevoked and uncanceled. This registration constitutes prima facie evidence of validity and of Plaintiff's exclusive rights to the Copyrighted Work pursuant to 17 U.S.C. § 410(c).

21. Defendants are advertising, offering for sale, selling, and/or distributing unauthorized copies of Plaintiff's Copyrighted Work in U.S. interstate commerce.

22. Defendants offer to sell confusingly similar copies and/or derivatives of Plaintiff's Copyrighted Work (hereinafter referred to as Defendants' "Infringing Copies") through internet-based e-commerce stores operating under the Seller ID.

23. Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Copies without authority to

use the Copyrighted Work.

24. Defendants further solicit, market, and advertise the Infringing Copies based on depictions, presentations, photographs, and/or images that are identical or substantially similar to Plaintiff's Copyrighted Work.

25. At all times relevant hereto, Defendants knew or should have known of Plaintiff's ownership of the Copyrighted Work, including its exclusive right to use and license such intellectual property.

26. Defendants' use of Plaintiff's Copyrighted Work to create the Infringing Copies is without Plaintiff's consent or authorization.

27. Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard to Plaintiff's rights.

28. If Defendants' willful and intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

29. Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller ID and any other alias seller identification names being used and/or controlled by them.

30. Upon information and belief, Defendants continuously create new websites, listings, and/or online marketplace accounts using the Seller ID.

31. On February 29, 2024, Plaintiff submitted a DMCA takedown notice via a letter to Amazon.com reporting that one of Defendants' products infringes Plaintiff's Copyrighted Work. *See* Exhibit 2 (showing the DMCA letter to Amazon.com, hereinafter the "First DMCA Takedown").

32. On March 11, 2024, Plaintiff received the First Counter Notice from Amazon.com

indicating that Defendants allege there was a mistake in Plaintiff's First DMCA Takedown. *See* Exhibit 3. A screenshot of the infringing material that Amazon.com relisted in response to the First Counter Notice is attached herewith as Exhibit 4.

33. Defendants sold additional Infringing Copies under different listings on Amazon.com. Upon information and belief, Defendants list the same infringing product under different listings so as to undermine Plaintiff's ability to monitor and enforce its intellectually property rights. *See* Exhibit 5 (showing six Amazon.com listings with identical Infringing Copies).

34. Plaintiff submitted four additional DMCA takedowns on March 19 and 25, 2024, and April 3 and 11, 2024, which, in combination, covered the six additional Amazon.com listings described with respect to Exhibit 5. *See* Exhibit 6 (showing the four additional DMCA takedowns submitted by Plaintiff to Amazon.com).

35. On April 3, 2024, approximately eleven to thirteen hours after Plaintiff's counsel sent a DMCA takedown to Amazon.com regarding two of Defendants' Infringing Copies, Plaintiff's counsel received three expletive-ridden, threatening emails from the email address caiyetiao@163.com. *See* Exhibit 7 (showing the three emails along with their respective machine translations).

36. Considering the timing correlation between the receipt of the profanity-laced, vitriolic emails and the DMCA takedown, Plaintiff has reason to believe that these vulgar messages were sent by a representative of Defendants.

37. Defendants continued to abuse the DMCA statutory framework by submitting counter notices for each takedown, thereby necessitating this Complaint and the expenditure of this Court's resources.

38. Plaintiff received from Amazon.com a second DMCA counter notice on April 16, 2024, and a third DMCA counter notice on April 18, 2024. *See* Exhibit 8.

171037373v3

6

39. In addition to abusing the DMCA statutory framework and providing numerous Amazon.com listings for the same Infringing Copies to circumvent Plaintiff's enforcement efforts, Plaintiff has reason to believe Defendants created one or more new listings even after Plaintiff's First DMCA Takedown of February 29, 2024. *See* Exhibit 9 (showing "Date First Available" for the product listing as April 4, 2024).

40. Accordingly, Plaintiff has reason to believe Defendants will continue to create new Amazon.com listings for Infringing Copies, thereby undermining Plaintiff's best efforts to monitor and enforce its intellectual property rights.

41. Upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff in order to avoid being detected and shut down.

42. Upon information and belief, a representative of Defendants has alleged that Defendants are alerting manufacturers, identities of which may be known or unknown to Plaintiff, of Plaintiff's DMCA takedown notices. *See* Exhibit 10 (partially redacted).

43. Further, upon information and belief, a representative of Defendants has alleged that Defendants are alerting all sellers of products similar to Plaintiff's Copyrighted Work of Plaintiff's DMCA takedown notices. *See id*.

44. Plaintiff has no adequate remedy at law.

45. Plaintiff is suffering irreparable harm, injury, and substantial damages directly and proximately caused by Defendants' unauthorized and wrongful use of Plaintiff's Copyrighted Work.

46. Defendants must be enjoined from continuing to advertise, distribute, offer for sale, and/or sell images that directly infringe on Plaintiff's copyright protections under federal copyright law.

171037373v3

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq*)

47. Plaintiff reincorporates and realleges paragraphs 1 through xx of this Complaint as if fully set forth herein.

48. Plaintiff has valid copyright ownership of the Copyrighted Work (*See* Exhibit 1) at issue in this lawsuit, pursuant to the Copyright Act, 17 U.S.C. §411. The registration for Plaintiff's Copyrighted Work is valid, subsisting, unrevoked, and uncanceled.

49. Under the Copyright Act, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the United States of Plaintiff's Copyrighted Work. *See* 17 U.S.C. §106.

50. Without Plaintiff's authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Copyrighted Work. *See* 17 U.S.C. §106.

51. Defendants copied, displayed and/or prepared derivative works of Plaintiff's Copyrighted Work through their advertising, distributing, offering for sale, and selling of Defendants' Infringing Copies in violation of Plaintiff's exclusive rights. *See id*.

52. Defendants are directly liable for infringing Plaintiff's Copyrighted Work under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

53. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Copyrighted Work.

54. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

55. Defendants' unlawful actions have caused and are continuing to cause

unquantifiable and irreparable harm and unquantifiable damages to Plaintiff, and Defendants are unjustly enriching themselves at Plaintiff's expense.

56. Consequently, Plaintiff may be entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

57. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

58. Plaintiff is likewise entitled to injunctive relief, as set forth below, because of the continuing infringements of Plaintiff's Copyrighted Work and because of the significant threat of future infringement as evidenced *infra*.

## COUNT II
## CIVIL CONSPIRACY

59. Plaintiff reincorporates and realleges paragraphs 1 through xx of this Complaint as if fully set forth herein.

60. Plaintiff alleges, based on information and belief, that Defendants have consciously and willingly participated in a coordinated scheme to commit unlawful acts and misconduct. This includes, but is not limited to, a collaborative effort to sustain the distribution, marketing, advertising, shipping, offer for sale, or sale of infringing products, in direct violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

61. Defendants' conspiracy and the associated unlawful acts and misconduct were designed with the intent to undermine Plaintiff and its business by engaging in unfair competition as previously detailed.

62. Defendants were aware of and consented to the aforementioned scheme, agreeing to fulfill their role with parties known and unknown to Plaintiff, to further the stated intent, purpose,

and objective. Consequently, by participating in the conspiracy, Defendants have intentionally, knowingly, and maliciously allowed, promoted, and/or facilitated the aforementioned unlawful acts and misconduct.

63. As a direct and proximate result of the unlawful acts and misconduct executed by Defendants in support of the conspiracy, Plaintiff has suffered and will continue to suffer—unless Defendants are enjoined—severe, immediate, and irreparable harm, damage, and injury.

64. Plaintiff lacks an adequate remedy at law for these injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65, enjoining Defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from using Plaintiff's Copyrighted Work in manufacturing or causing to be manufactured, producing, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Copies, from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Work in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendants.

B. Entry of an order pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority that, upon Plaintiff's request, the applicable governing internet marketplace website operators and/or administrators for the Seller ID who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller ID, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing

171037373v3

10

infringements of Plaintiff's Copyrighted Work. The internet marketplace platforms include, but are not limited to, Amazon, eBay, or Walmart.

  C. Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any internet marketplace website operators and/or administrators for the Seller ID who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendants' Seller ID.

  D. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Copyrighted Work via the e-commerce stores operating under the Seller ID, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Copyrighted Work associated with and/or linked to the same sellers or linked to any other alias seller identify cation names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Copyrighted Work.

  E. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any (i) online marketplaces such as Amazon, eBay, and Walmart, (ii) payment processors such a PayPal, Stripe, and Payoneer, (iii) social media platforms such as Facebook, YouTube, LinkedIn, and Twitter, (iv) internet search engines such as Google, Bing, and Yahoo, (v) webhosts for the Defendants' domain names, and (vi) domain name registrars that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of infringing products using the Plaintiff's intellectual property, and shall:

    i. Disable and cease providing services for any accounts through which

Defendants engage in the sale of products using Plaintiff's intellectual property, including any accounts associated with the Defendants including but not limited to those under Seller ID "Erivess";

ii. Disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeiting and infringing products using Plaintiff's intellectual property; and,

iii. Take all steps necessary to prevent links to the Defendants' online stores from displaying in search results, including, but not limited to, removing links to the Defendants' online stores from any search index.

F. Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

G. Entry of an Order requiring Defendants to account for and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringements, together with appropriate interest thereon; that Defendants be required to account to Plaintiff for, and disgorge to Plaintiff, and to pay to Plaintiff, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; or, at Plaintiff's election, that Plaintiff be awarded statutory damages from Defendants for all infringements involved with

171037373v3

respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than seven hundred and fifty ($750.00) or more than thirty thousand ($30,000.00) as the court considers just pursuant to 17U.S.C. § 504(c)(1), or if the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Work infringed, as provided by 17 U.S.C. § 504(c)(2).

  H. Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

  I. Entry of an award of prejudgment interest on the judgment amount.

  J. Entry of an Order for such other and further relief as the Court may deem just and proper.

Dated: April 26, 2024

Respectfully submitted,

GOPLUS CORP.

By: /s/ John B. Sample
John B. Sample (No. 6321438)
TROUTMAN PEPPER HAMILTON SANDERS LLP
227 West Monroe, Suite 3900
Chicago, IL 60606
Telephone: (312) 759-5932
Facsimile: (312) 759-1939
Email: john.sample@troutman.com

*Counsel for GoPlus Corp.*